REQUESTED BY: Senator David L. Maurstad Nebraska State Legislature
LB 1276, currently on general file before the Legislature, would enact the Museum Property Act (the "Act") into law. That Act deals generally with the disposition of certain tangible property of historic, artistic, scientific or cultural value on loan to or in the possession of nonprofit or public museums, historical societies, parks, libraries and zoos in Nebraska. Under that Act, a museum (defined in the Act to include at least those entities previously listed) could obtain title to such property on loan to it or such undocumented property in its possession by following certain specified notice procedures directed to the owners of the property after the expiration of set time periods. If the owners of the property failed to properly respond to notice from the museum, then title to the property would vest in that entity. You apparently are concerned with the constitutionality of certain portions of the Museum Property Act, and, as a result, you asked us, "[d]oes LB 1276 establish an exemption for a special class of individuals from the unclaimed property act, and therefore is this provision of LB 1276 unconstitutional?"
The Nebraska Uniform Disposition of Unclaimed Property Act (the "Unclaimed Property Act") is set out at Neb. Rev.Stat. §§ 69-1301 through 69-1329 (1990, Cum. Supp. 1994, Supp. 1995). The Unclaimed Property Act provides generally that property such as money, bank deposits, stocks, certificates of deposit, checks, contents of safe deposit boxes, gift certificates or other intangible personal property which remains unclaimed and in the possession of banks, financial organizations, business organizations, life insurance companies, governmental subdivisions and utilities must be reported and remitted to the Nebraska State Treasurer after the expiration of particular time periods fixed in the Act. The State Treasurer then holds those properties for their true owners, who can reclaim them at any time by presenting proper proof of ownership.
In your request letter, you did not specify which particular provision or provisions in LB 1276 are the subject of your opinion request. Nonetheless, we assume that the classification which causes you concern is established by those portions of the bill which allow nonprofit or public museums to take or acquire title to property in their possession which remains unclaimed by its true owner or owners after the requisite notice under the bill and after the requisite time period has passed. Under those circumstances, such museums appear to be treated differently as a result of LB 1276 than business organizations, banks, etc. are treated under the Unclaimed Property Act, since entities subject to the latter statutes must report and remit unclaimed property in their possession to the State Treasurer. However, while such a classification may appear suspect, we believe that the provisions of LB 1276 in that regard are constitutional, and do not create an impermissible classification or special class.
At the outset, we must note that the property held by museums which is subject to the Museum Property Act does not appear to be property subject to the provisions or requirements of the Unclaimed Property Act. The Museum Property Act reaches "tangible object[s], animate or inanimate, under a [nonprofit or public] museum's care, which [have] intrinsic historic, artistic, scientific or cultural value." In contrast, as noted above, the primary focus of the Unclaimed Property Act is financial instruments and money in the possession of business entities. Indeed, the catch-all or omnibus provision of the Unclaimed Property Act, § 69-1308, which reaches property "not otherwise covered by the Uniform Disposition of Unclaimed Property Act . . . that is held or owing in this state," is directed only to "intangible personal property," and not to the tangible museum artifacts which are the subject of the Museum Property Act. As a result, we do not believe that the provisions of LB 1276 carve out some sort of exception to the Unclaimed Property Act for museums so as to create a special classification. The property which is the subject of that bill is not reportable as unclaimed property in any event.
Assuming, however, that the property at issue under LB 1276 and held by museums is also reportable in some fashion under the Unclaimed Property Act, the classification which is the focus of your opinion request apparently involves the privileges granted to nonprofit or public museums under the Museum Property Act as differentiated from the requirements placed upon the various organizations subject to the Unclaimed Property Act. You question whether such a special classification is constitutional.
Classifications created by the Legislature are tested under Art. III, § 18 of the Nebraska Constitution which prohibits any local or special laws "[g]ranting to any corporation, association, or individual any special or exclusive privileges, immunity or franchise whatever. . . ." That constitutional provision both requires equal protection under the law, and prohibits special legislation. Haman v. Marsh,237 Neb. 699, 467 N.W.2d 836 (1991). Therefore, the classification at issue in the present instance must be tested under both of those constraints.
A legislative act constitutes special legislation under Art. III, § 18 if it (1) creates an arbitrary and unreasonable method of classification or (2) creates a permanently closed class. City of Ralston v. Balka, 247 Neb. 773,530 N.W.2d 594 (1995); Haman v. Marsh, supra. We do not believe that the class of museums entitled to particular treatment under the Museum Property Act is a permanently closed class since other museums and similar entities could be created in the future which would be entitled to the protections of the Act. Therefore, a special legislation inquiry in this case must focus on the first prong of the test enunciated by the Nebraska Supreme Court — does the legislation at issue create an arbitrary and unreasonable method of classification?
In the context of Art. III, § 18, the Nebraska Supreme Court has also indicated that a legislative classification is not arbitrary and unreasonable if (1) the classification is based upon some substantial difference of circumstances or situation that would indicate the justice or expediency of diverse legislation with regard to the objects classified, and (2) the classification would further a public purpose. City ofRalston v. Balka, supra. With those standards in mind, it seems to us that it is possible to argue that any classification created by LB 1276 where nonprofit and public museums are treated differently under the Museum Property Act than other entities and businesses with respect to the Unclaimed Property Act is based upon a substantial difference of circumstances which would support the justice and expediency of that diverse legislation. For example, museums and other nonprofit or public entities subject to LB 1276 serve educational, scientific and historical purposes which, in fact, differentiate them from banks, life insurance companies, public utilities and the like. Moreover, such a classification would, arguably, serve a public purpose in that museums and other entities under the bill would be allowed to take title and preserve artifacts of educational, historical or artistic value. Therefore, we do not believe that LB 1276 involves impermissible special legislation under Art. III, § 18 of the Nebraska Constitution.
Apart from issues involving special legislation, Art. III, § 18 also requires equal protection under the law. With respect to equal protection analysis, classifications which do not involve a suspect class or a fundamental right, such as the classification differentiating business and other public entities from nonprofit or public museums in the present instance, are tested for a rational basis. Robotham v. State,241 Neb. 379, 488 N.W.2d 533 (1992). That is, for equal protection purposes,
 [u]nless laws `create suspect classifications or impinge upon constitutionally protected rights,' . . . it need only be shown that they bear `some rational relationship to a legitimate state purpose.'"
Robotham at 382, 383, 488 N.W.2d at 538. Moreover, the rational basis test under an equal protection analysis is less rigorous than the test set out above for special legislation. Haman v. Marsh, supra. In the present instance, we cannot say that the differentiation between nonprofit or public museums under the Museum Property Act and business or other public entities under the Unclaimed Property Act has no rational relationship to a legitimate state purpose. For one thing, as noted above, it could be argued that there are strong policy reasons why unclaimed museum artifacts should remain in the possession of museums so that they might be preserved and displayed. Consequently, we do not believe that any exemption from the Unclaimed Property Act established for museums under the Museum Property Act violates Art. III, § 18
of the Nebraska Constitution as a denial of equal protection.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved by:
Don Stenberg
Attorney General